1

2

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

JONATHAN FOLGER CATES,

Plaintiff,

v.

WALGREENS,

Defendant.

Case No. 2:23-cv-01829-MMD-BNW

**ORDER**

10          Presently before the Court is Plaintiff Jonathan Cates's Application to *Proceed In Forma*

11   *Pauperis* (ECF No. 1), filed on November 7, 2023.

12   **I.    DISCUSSION**

13          **A.  *In Forma Pauperis* Application**

14          Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an

15   inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to

16   proceed *in forma pauperis* will be granted.

17          **B.  Screening the Complaint**

18          Upon granting a request to proceed in forma pauperis, a court must screen the complaint

19   under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable

20   claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may

21   be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

22   § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard

23   for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*,

24   668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain

25   sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

26   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

27   and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts

28   in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908

1   (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

2      In considering whether the complaint is sufficient to state a claim, all allegations of

3   material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

4   *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

5   Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a

6   plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*,

7   550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

8   insufficient. Id. Unless it is clear the complaint's deficiencies could not be cured through

9   amendment, a pro se plaintiff should be given leave to amend the complaint with notice

10  regarding the complaint's deficiencies. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.

11  1995).

12     Here, Plaintiff's Complaint names Walgreen's as the only defendant. ECF No. 1-1. The

13  complaint alleges "wrongful termination for employment for exposing criminal activities" and

14  cites to an EEOC case number. *Id.* Plaintiff does not include any other factual allegations, such

15  as what specific events led to the termination and the basis for deeming the termination wrongful

16  or unlawful. Without additional factual allegations regarding the underlying dispute, the Court

17  cannot evaluate whether Plaintiff's complaint states a claim against Walgreen's. The Court

18  therefore will dismiss the Plaintiff's complaint without prejudice for the Plaintiff to file an

19  amended complaint.

20     If Plaintiff chooses to file an amended complaint, the document must be titled "Amended

21  Complaint." The amended complaint must contain a short and plain statement of the grounds for

22  the Court's jurisdiction.  *See* FED. R. CIV. P. 8(A)(1). Additionally, the amended complaint must

23  contain a short and plain statement describing the underlying case and Defendant's involvement

24  in the case. *See* FED. R. CIV. P. 8(A)(2). Although the Federal Rules of Civil Procedure adopt a

25  flexible pleading standard, Plaintiff still must give the Defendant fair notice of the Plaintiff's

26  claims against it and Plaintiff's entitlement to relief.

27     Additionally, Plaintiff is advised that if he files an amended complaint, the original

28                                             2

complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

I.    **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order will result in a recommendation that this action be dismissed.

DATED this 9th day of November 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE