UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JONATHAN FOLGER CATES, | Case No. 2:23-cv-01829-MMD-BNW |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WALGREEN'S, | |
| Defendant. | |

*Pro se* Plaintiff Jonathan Folger Cates brought this wrongful termination action against Defendant Walgreen's under Title VII of the Civil Rights Act and the First Amendment. Before the Court is United States Magistrate Judge Brenda Weksler's Report and Recommendation (ECF No. 5 ("R&R")), recommending that the Court dismiss this case based upon Cates's failure to file an amended complaint as directed by the Court. To date, no parties have filed any objections to the R&R. For the following reasons, the Court adopts the R&R in full.

On November 9, 2023, the Court ordered Cates to file an amended complaint within the next 30 days. (ECF No. 3.) That deadline has now long since expired, and Cates has not filed an amended complaint or otherwise responded to the Court's order. Nor did Cates respond to the R&R recommending dismissal.

A court may dismiss an action based on a party's failure to obey a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action for failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See id.* at

1260-61. And before dismissing a *pro se* plaintiff's complaint, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* at 1261.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's order requiring Cates to file an amended complaint within 30 days expressly stated, "If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order will result in a recommendation that this action be dismissed.." (ECF No. 3 at 3.) Cates had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint.

The Court also adequately provided Cates with notice of the deficiencies in his complaint. In its screening order, the Court plainly laid out that additional factual allegations regarding the underlying dispute were needed for the Court to be able to evaluate whether Cates stated a claim against Walgreen's. (*Id.* at 2.) The Court gave Cates 30 days to file an amended complaint and provided him with detailed instructions on how to do so. (*Id.* at 2-3.) This demonstrated "adequate sensitivity" to Cates's inexperience as a *pro se* litigant. *Ferdik*, 963 F.2d at 1261.

The Court thus agrees with Judge Weksler's recommendation that this action should be dismissed and is satisfied that she did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Weksler's R&R (ECF No. 5) is accepted and adopted in full.

It is further ordered that this action is dismissed without prejudice.

The Clerk of Court is directed to close this case.

DATED THIS 9th Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE